**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

HORACE B. EDWARDS, et al.,                    )
                                              )
            Plaintiffs,                       )
                                              )
v.                                            )        **Case No. 14-2631-JAR-TJJ**
EDWARD JOSEPH SNOWDEN, et al.,                )
                                              )
            Defendants.                       )
_____)

## ORDER

Before the Court is Plaintiff Horace B. Edwards' Motion to Require the Filing of

Defendants' DVD Exhibit and Exhibit 1 to Defendants' Memorandum in Support of Motion to

Dismiss under Seal (Doc. 15).  The motion asks the Court to seal the DVD exhibit of the film

*Citizenfour*, the subject of this lawsuit, which was filed conventionally by Defendants on

February 10, 2015, in support of their motion to dismiss.  Defendants have responded and

oppose the motion to retroactively seal this exhibit.  For the reasons stated below, Plaintiff's

motion is denied.

Federal courts "recognize a general right to inspect and copy public records and

documents, including judicial records and documents."[1]  The Court, however, does have

"discretionary power to control and seal, if necessary, records and files in its possession."[2]  "In

exercising this discretion, [the court] weigh[s] the interests of the public, which are

presumptively paramount, against those advanced by the parties."[3]  "The Court should seal

documents based only on articulable facts known to the Court, and not based on unsupported

---

[1]*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[2]*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[3]*Id.*

hypothesis or conjecture."[4]

Plaintiff's motion makes no showing that his interest in sealing this exhibit outweighs the public's interest in access.  Importantly, the exhibit Plaintiff seeks to seal is a film that has been released to the general public in movie theaters—Plaintiff's viewing of this movie forms the basis of his claims in this case.[5]  Given the inherently public nature of this film, the Court can discern absolutely no interest that could justify sealing this exhibit.  Moreover, even if this DVD contained some sort of confidential information for which Plaintiff had an interest in preventing public disclosure, it has already been publicly filed.  The Court's procedures contemplate that a request to file a document or other exhibit under seal should be made before the exhibit is filed.[6] "Matters already made public will not be sealed after the fact absent extraordinary circumstances."[7]  The Court finds no extraordinary circumstances present here.  Accordingly, the Court denies Plaintiff's motion for leave to seal Exhibit 1 to Defendants' motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Horace B. Edwards' Motion to Require the Filing of Defendants' DVD Exhibit and Exhibit 1 to Defendants' Memorandum in Support of Motion to Dismiss under Seal (Doc. 15) is **denied**.

**IT IS SO ORDERED.**

---

[4]*McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2010 WL 4024065, at *1 (D. Kan. Oct. 13, 2010).

[5]*See* Doc. 3, Am. Compl. at 2 ¶ 2 ("Plaintiff, Horace B. Edwards, . . . [a]s a member of the moviegoing public who purchased a ticket to Citizenfour and watched the documentary, [] was outraged by the admissions of Defendant Edward J. Snowden detailing his government status as a former CIA/NSA/DIA officer with special high level security clearances, . . .").

[6]*See* D. Kan. Rule 5.4.6.

[7]*Flohrs v. Eli Lilly & Co.*, No. 12-2439-SAC, 2013 WL 4773515, at *2 (D. Kan. Sept. 3, 2013) (quotation omitted).

Dated: February 13, 2015

 S/ Julie A. Robinson            
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE