# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| HORACE B. EDWARDS, and | ) | |
| JOHN and JANE DOES 1-10, | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:14-CV-02631- |
| v. | ) | JAR-TJJ |
| | ) | |
| EDWARD JOSEPH SNOWDEN, | ) | |
| PRAXIS FILMS, INC., LAURA | ) | |
| POITRAS, PARTICIPANT MEDIA, | ) | |
| LLC, DIANE WEYERMANN, | ) | |
| JEFFREY SKOLL, | ) | |
| THE WEINSTEIN COMPANY LLC | ) | |
| a/k/a RADIUS-TWC, HOME BOX | ) | |
| OFFICE, INC., SHEILA NEVINS, | ) | **SUPPLEMENTAL** |
| IN HER CORPORATE CAPACITY, | ) | **MEMORANDUM** |
| ACADEMY OF MOTION PICTURE | ) | **PURSUANT TO** |
| ARTS AND SCIENCES, | ) | **EMERGENCY CONTACT** |
| JOHN and JANE DOES 1-10, | ) | **WITH COURT VIA EMAIL** |
| Defendants. | ) | |

## STATEMENT OF NATURE OF MATTER BEFORE THE COURT

I submit this Supplemental Memorandum and Declaration to memorialize a separate email regarding emergency relief sent pursuant to directions from the Court and in conformance with the Court's Guidelines.

## STATEMENT OF FACTS

Plaintiff's counsel filed a motion on February 12, 2015, requesting certain documents be filed under seal and was neither heard nor given an opportunity to reply before the Court's Order dated February 13, 2015.

Plaintiff's counsel phoned the Court on an "emergency basis" on February 17th at approximately 3 p.m. and received an email from the Courtroom Deputy at around 2 p.m. on February 18th, about 24 hours after plaintiff counsel's emergency request for a brief conference

1

call/hearing with the Court and all counsel related to the Denial of a Motion to Seal Classified Information because plaintiff's counsel understood the Court to have been misinformed by defendants of the proper legal standards applicable to classified materials and appropriate means to declassify.

## STATEMENT OF QUESTIONS PRESENTED

An important issue separate from the merits of the action was decided (Doc. 17) with practical and/or actual finality, and is effectively unreviewable now due to the timing of defendants' ongoing conduct.

Clarification was requested and not received in time for the relief sought.  The order (Doc. 17) denying plaintiff's sealing motion was decided based on defendants' representations and papers leading to, *inter alia,* what plaintiff asserts to be clear error.  The legal standards between classified information being unsealed and issues of sealing unrelated, unclassified court records are very different, as indicated by the precedent provided in (Doc. 15) plaintiff's Motion.  The precedent cited was neither mentioned or distinguished in defendants' papers to the Court (Doc. 16), nor referred to in the Court's Order (Doc. 17).

## ARGUMENT

Plaintiff's counsel was not provided, based upon defendants' approach, any meaningful or sufficient opportunity to respond to defendant's Objections when the Court's denial order was issued approximately 8 hours after the Objection was filed on Friday the 13th, just before a three day holiday weekend (Doc. 17).  Because of such circumstances, irreparable harm is not only imminent, but also quantifiable and demonstrable, as supported by the proposed 2nd Amended Complaint (Doc. 19-2) and its proposed Exhibits (Doc. 19-3 to 19-17), *inter alia*, the Certification of Acknowledgement of the former general counsel of the National Security

Agency (NSA) reporting research summarizing measurable negative activity by al-Qaeda and splinter groups following the Snowden disclosures. (Doc. 19-5).

As has been recognized by United States government officials, including the President, there is no more important issue to our Nation as a whole than its security and the lawful exercise of such to protect and defend the Constitution and the rights it enshrines. *See* Martin Matishak, Obama: ISIS 'arent't religious leaders, they're terrorists', The Hill, February 18, 2015 http://thehill.com/policy/defense/233146-obama-isis-arent-religious-theyre-terrorists (last visited February 19, 2015).  The film*, Citizenfour*, admittedly by defendants in their Motion to Dismiss, (Doc. 14, Ex. 1 at 30-31, 37-40, 29-31, 45-46, and 37-38), discloses classified information, including sources and methods of intelligence gathering and Tier 3 classified information, which experts say has been disclosed to countries considered our adversaries and organizations recognized as terrorists by the United States Government. (Doc. 19-5).

Plaintiff's counsel advised defendant's counsel, Mr. Rhodes, on January 23, 2015 that any submission of the film should only be undertaken on an *in camera* basis to the Court.  I said I did not want to take possession of it.  This was because of my understanding the film contains classified information based on my having seen the film.  I received no response to this request from defendants' counsel.  To the contrary defendant's counsel delivered a copy of the DVD to my office (which remains unopened and under lock and key).

My conclusion that classified information is actually contained in *Citizenfour* has thereafter been admitted by defendants in their Motion to Dismiss, (Doc. 14, Ex. 1 at 30-31, 37-40, 29-31, 45-46, and 37-38).  Despite those admissions, defendants' counsel objected to filing under seal using citations only to cases NOT related to how classified information is to be handled and ignoring the procedures applicable for doing so, thus misleading the Court. (Doc.

3

16).  Plaintiff counsel's reference in the Motion (Doc. 15) to "Better safe than sorry" was not stated merely as an idiomatic expression, but rather a reference to the fact that classified information is typically held in the Clerk's safe, not in the public file.  I had contacted the clerk's office and understood the DVD would be held in the safe until a motion could be determined.

Furthermore, the expression used by defendants: "once the cat is out of the bag, the ball game is over" (Doc. 16 at 4) is not relevant to classified information standards but is from a case involving privileged, not classified documents.  *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 145, n.11. (2nd Cir. 2004).

The delay resulting from a lack of candor by defense counsel on the legal precedent related to the issue of how classified information is declassified does not include unofficially endorsed media disclosures to a wide audience or disclosures by those who unlawfully obtained or participated and colluded in obtaining such materials.[1]  See (Doc. 19-2) and the precedent referenced in plaintiff's Motion to Seal (Doc. 15).  Even classified information published in the Congressional Record has been deemed as remaining classified as indicated in *Wilson v. CIA,* 586 F.3d 171, 196 (2nd Cir. 2009).  The procedure for declassifying information is not simply revealing it in a film, but rather "when the propriety of a classification is challenged, a court appropriately reviews the record, "*in camera"* or otherwise," to ensure that the government agency has "good reason to classify...with "reasonable specificity, demonstrat[ing] a logical connection between the [classified] information and the reasons for classification."  *Wilson* at 196.

---

[1]The applicable law and rules requiring candor with the Court on legal precedent is paramount to due process and fairness, as addressed in the Kansas Rules of Professional Conduct, Rule 226, 3.3 and Comments thereto.  Defense counsels' Objection cited entirely to cases unrelated to classified information.  To therefore assert such cases are controlling law is inapposite to the issue of declassification through unofficial public disclosure.  To not disclose directly adverse authority in the controlling jurisdiction which has not been disclosed by the defendants or to distinguish the cases that were cited by plaintiff raises issues of improper advocacy.

This situation has placed the plaintiff in an untenable position regarding avoiding irreparable harm and obtaining appropriate relief sought on a serious issue in a timely manner.

The denial of a sealing motion has furthered the irreparable harm and relief necessary to address such harm, among other things, by the continuing injury through repetition of classified, stolen information that reaches a broader constituency of extremists with each showing, the effects of which will be exacerbated by the announced worldwide distribution of the film Sunday/Monday via the Academy Awards and HBO's scheduled cable distribution. See (Doc 16-1); (Doc. 19-8).  *See also* Michael O'Connell, *Snowden doc "Citizenfour" to Air on HBO: The Oscar hopeful will debut Feb. 23 on the pay cable net,* The Hollywood Reporter, January 8, 2015 <http://www.hollywoodreporter.com/live-feed/snowden-doc-citizenfour-air-hbo-762079> (last visited on February 19, 2015).

## CONCLUSION

Accordingly, given the circumstances and pursuant to Federal Rule of Appellate Procedure 8.2(A) and 10th Cir. R. 8, the only effective relief at this time places plaintiff in the position to bring this matter under an emergency motion for emergency relief to the Tenth Circuit Court of Appeals.

Respectfully submitted,

LAMFERS & ASSOCIATES, LC
By: /s/Jean Lamfers
Jean Lamfers     KS#12707
7003 Martindale Rd.
Shawnee, KS
Tel.     (913) 962-8200
Email: jl@lamferslaw.com

ATTORNEY FOR PLAINTIFF
HORACE B. EDWARDS

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via email to each attorney listed below this 19th day of February, 2015 to the following:

Bernard Rhodes
brhodes@lathropgage.com
Lathrop & Gage LLP
2345 Grand Blvd., Suite 2400
Kansas City, MO  64108

Marvin S. Putnam
mputnam@omm.com
Daniel D. Ambar
dambar@omm.com
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA  90067

/s/Jean Lamfers_____
Attorney for Horace B. Edwards