**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **HORACE B. EDWARDS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 14-2631-JAR-TJJ |
| **EDWARD JOSEPH SNOWDEN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**ORDER**

On February 19, 2015, the Court received a lengthy e-mail from Plaintiff Horace B. Edwards' counsel, Jean Lamfers, attached to this Order as Exhibit A. The e-mail complains about the Court's failure to schedule an "emergency request" for a conference call she requested by voicemail, and argues further that the Court erred in denying her motion to seal certain exhibits attached to Defendants' Motion to Dismiss.

The federal rules are quite clear on the proper method for seeking Court relief: "A request for a court order must be made by motion. The motion must: (A) be made in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought."[1] Of course, the filing must also conform to Fed. R. Civ. P. 11. The Court's Local Rule 7.1 provides more specific guidance regarding the content of motions filed in this District. Plaintiff's e-mail fails to conform to either the federal or local rules for requesting Court relief, therefore the Court will not act on the requests contained therein.

Plaintiff is instructed to follow the federal and local rules for seeking Court relief going

---

[1] Fed. R. Civ. P. 7(b).

forward.  The Court will not entertain these requests informally by telephone or e-mail; they must be in writing and filed in the Court record on CM/ECF.  To the extent Plaintiff seeks a hearing, such a request shall also be made in writing and accompany the motion for which a hearing is sought.  The Court likewise will not set a civil case for hearing or status conference in the absence of an accompanying motion and written request unless the federal rules require such a hearing.  There has been nothing filed in this case to date that requires a hearing under the applicable rules.

Plaintiff's counsel has been instructed that the Court prefers <u>informal</u> communications with the Court be made by e-mail, with copy to opposing counsel.  In the Court's experience, such informal communications are **rarely** necessary and are typically limited to coordinating hearing dates <u>after</u> the Court has determined a hearing is necessary, or to address routine, procedural questions.  The Court does not and will not entertain requests for relief in this manner and Plaintiff shall refrain from this practice going forward.

**IT IS SO ORDERED**.

Dated: February 19, 2015

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE