```
                    EXHIBIT A
```


Re: 2:14-cv-02631-JAR-TJJ Edwards et al v. Snowden et al
Jean Lamfers
to:
Robinson, Julie
02/19/2015 12:46 AM
Cc:
Bonnie_Wiest, brhodes, mputnam, dambar
Hide Details
From: Jean Lamfers <jl@lamferslaw.com>

To: "Robinson, Julie" <ksd_robinson_chambers@ksd.uscourts.gov>

Cc: Bonnie_Wiest@ksd.uscourts.gov, brhodes@lathropgage.com, mputnam@omm.com, dambar@omm.com

Your Honor,

As requested by the Court's Courtroom Deputy, I am responding to the Court by email.

I had filed a motion on February 12, 2015, requesting certain documents be filed under seal and was neither heard nor given an opportunity to reply before the Court's Order dated February 13, 2015.  In conjunction with this email, a supplemental memorandum and declaration are also being filed with the Court.

I phoned the Court on an "emergency basis" on February 17th at approximately 3 p.m. and received an email from the Courtroom Deputy at around 2 p.m. on February 18th, about 24 hours after my emergency request for a brief conference call/hearing with the Court and all counsel related to the Denial of a Motion to Seal Classified Information because I understood the Court was misinformed by defendants of the proper legal standards applicable to classified materials and apprpriate means to declassify.  Thereby an important issue separate from the merits of the action was decided with practical and/or actual finality, and is effectively unreviewable now due to the timing of defendants' ongoing conduct.

Clarification was requested and not received in time for the relief sought.  The order denying plaintiff's sealing motion was decided based on defendants' representations and papers leading to, *inter alia,* what plaintiff asserts to be clear error.  The legal standards between classified information being unsealed and issues of sealing unrelated, unclassified court records are very different, as indicated by the precedent provided in plaintiff's Motion.  The precedent cited was neither mentioned or distinguished in defendants' papers to the Court, nor referred to in the Court's Order.**

Plaintiff's counsel was not provided, based upon defendants' approach, any meaningful or sufficient opportunity to respond to defendant's Objections when the Court's denial order was issued approximately 8 hours after the Objection was filed on Friday the 13th, just before a three day holiday weekend.  Because of such circumstances, irreparable harm is not only imminent, but also quantifiable and demonstrable, as supported by the proposed 2nd Amended Complaint and its Exhibits, *inter alia*, the Certification of Acknowledgement of the former general counsel of the National Security Agency (NSA) reporting research summarizing measurable negative activity by al-Qaeda and splinter groups following the Snowden disclosures.

As has been recognized by United States government officials, including the President, there is no more important issue to our Nation as a whole than its security and the lawful exercise of such to protect and defend the Constitution and the rights it enshrines.  The film, Citizenfour, admittedly by defendants in their Motion to Dismiss, discloses classified information, including sources and methods of intelligence gathering and Tier 3 classified information, which experts say has been disclosed to countries considered our adversaries and organizations recognized as terrorists by the United States Government. See Exhibits to 2nd Amended Complaint.

I advised Mr. Rhodes on January 23, 2015 that any submission of the film should only be undertaken on an *in camera* basis to the Court.  I said I did not want to take possession of it.  This was because of my understanding the film contains classified information based on my having seen the film.  I received no response to this request from defendants' counsel.  To the contrary defendant's counsel delivered a copy of the DVD to my office (which remains unopened and under lock and key).

My conclusion that classified information is actually contained in Citizenfour has thereafter been admitted by defendants in their Motion to Dismiss, Doc. 14.  Ex. 1 at 30-31, 37-40, 29-31, 45-46, and 37-38.  Despite those admissions, defendants' counsel objected to filing under seal using citations only to cases NOT related to how classified information is to be handled and ignoring the procedures applicable for doing so, thus misleading the Court.  My reference in my Motion to "Better safe than sorry" was not stated merely as an idiomatic expression, but rather a reference to the fact that classified information is typically held in the Clerk's safe, not in the public file.  I had contacted the clerk's office and understood the DVD

would be held in the safe until a motion could be determined.

Furthermore, the expression used by defendants: "once the cat is out of the bag, the ball game is over" is not relevant to classified information standards but is from a case involving privileged, not classified documents.  *See, Gambale v. Deutsche Bank AG*, 377 F.3d 133, 145, n.11. (2nd Cir. 2004).

The delay resulting from a lack of candor by defense counsel on the legal precedent related to the issue of how classified information is declassified does not include unofficially endorsed media disclosures to a wide audience or disclosures by those who unlawfully obtained or participated and colluded in obtaining such materials. See proposed 2nd Amended Complaint and the precedent referenced in my Motion to Seal, Doc. 15.  Even classified information published in the Congressional Record has been deemed as remaining classified as indicated in *Wilson v. CIA,* 586 F.3d 171, 196 (2nd Cir. 2009).  The procedure for declassifying information is not simply revealing it in a film, but rather "when the propriety of a classification is challenged, a court appropriately reviews the record, "*in camera"* or otherwise," to ensure that the government agency has "good reason to classify...with "reasonable specificity, demonstrat[ing] a logical connection between the [classified] information and the reasons for classification." *Wilson* at 196.

This situation has placed the plaintiff in an untenable position regarding avoiding irreparable harm and obtaining appropriate relief sought on a serious issue in a timely manner.

The denial of a sealing motion has furthered the irreparable harm and relief necessary to address such harm, among other things, by the continuing injury through repetition of classified, stolen information that reaches a broader constituency of extremists with each showing, the effects of which will be exacerbated by the announced worldwide distribution of the film Sunday/Monday via the Academy Awards and HBO's scheduled cable distribution.

Accordingly, given the circumstances and pursuant to Federal Rule of Appellate Procedure 8.2(A) and 10th Cir. R. 8, the only effective relief at this time places plaintiff in the position to bring this matter under an emergency motion for emergency relief to the Tenth Circuit Court of Appeals.

I make the above factual assertions under penalty of perjury as my declaration as an officer of this Court.  I respectfully request this email be docketed as a part of the official record of this Court.

note**The applicable law and rules requiring candor with the Court on legal precedent is paramount to due process and fairness, as addressed in the Kansas Rules of Professional Conduct, Rule 226, 3.3 and Comments thereto.  Defense counsels' Objection cited entirely to cases unrelated to classified information.  To

therefore assert such cases are controlling law is inapposite to the issue of declassification through unofficial public disclosure.  To not disclose directly adverse authority in the controlling jurisdiction which has not been disclosed by the defendants or to distinguish the cases that were cited by plaintiff raises issues of improper advocacy.

Sincerely, Jean Lamfers

> On 2015-02-18 01:24 PM, Bonnie_Wiest@ksd.uscourts.gov wrote:

```
Dear Ms. Lamfers,

I am responding to your voice message that you left  on my phone extension
yesterday afternoon.  Judge Robinson and I were in Topeka for hearings all
day and in hearings again in KC this morning.

I believe I referred you to Judge Robinson's guidelines and  procedures in
a previous phone conversation we had.   Please let me again inform you that
you will need to follow Judge Robinson's Guidelines for Civil and Criminal
Proceedings.  (I have attached the first page of those guidelines for your
review.)  I will be happy to set up a hearing/conference once you have
filed the appropriate motion and the Court approves the same.  You may also
contact us by sending an email to Judge Robinson's Chambers at
KSD_Robinson_Chambers@ksd.uscourts.gov, and copy all other counsel on the
email.

Thank you.
Bonnie

(See attached file: JAR Guidelines August 2013.pdf)


Bonnie Wiest
Courtroom Deputy
for the Honorable Julie A. Robinson
United States District Judge
500 State Avenue, Room 511
Kansas City, KS   66101-2400
913-735-2365
913-735-2361 (fax)
```